Sorry, I'm eating by myself Next case is Brittany Bain vs. the Office of Personnel Management, 2016-1333. Mr. Brady, when you are ready. Thank you, your honor. May it please the court. The government in this case failed to credit and failed to refute Brittany Bain's substantial evidence that she was not at fault for the overpayment. Her neurologist's evidence was... It isn't a question of whether she had substantial evidence, it's a question of whether the OPM had substantial evidence. Your honor, under OPM's guidelines, the burden of proof shifts once OPM has proved by preponderance of evidence that an overpayment occurs. The burden of proof shifts to the recipient to provide substantial evidence showing that the recipient was not at fault. The burden then shifts back to OPM to refute the substantial evidence or to show that the evidence was not substantial. That's the burden at the board. Your burden now is to show us that there's not substantial evidence for the board's decision. I may agree with you that you presented substantial evidence to the board, and I may have ruled in your favor at the board, but I'm constrained from re-addressing that on that standard. We have to look at whether the board's determination lacks substantial evidence. Looking at the record as a whole, your honor. Yeah, absolutely. But the board made conclusions, a fact, about her ability to do certain things that seemed to be supported by the record. And again, I may, if I was balancing them out, have ruled for you. But I don't see how the board's factual conclusions are not supported by substantial evidence. The lay opinion of an administrative law judge regarding what Brittany Bain could or couldn't do does not rise to the level of substantial evidence when compared to the evidence from her long-term treating neurologist. That based on the substantial lesion burden in her brain, it would not be surprising that she would misunderstand the instructions that she received from 2005 and 2006. That, without more, the statement that it would not be surprising that she would misunderstand those instructions based on the physical findings of the substantial lesion burdens in her brain, and her expert opinion that based on those lesion burdens and the concomitant significant cognitive defects. Again, I think you have a very sympathetic case. I mean, if I were the board judge, I may have come out differently. But the problem is you're arguing the evidence in favor of you. The board judge looked at evidence against you in that despite her condition, she was able to live on her own. She was able to handle the details of her divorce and the like. And that, to me, seems substantial evidence to support the board's decision that she was not incapable of doing what she was supposed to do. I mean, isn't that your real problem is that there's competing evidence? And again, it's not for us to rescale it. Even if the scale is like this, they still win as long as it's something that a reasonable person, I think, could come up with that conclusion. Your Honor, as that burden is defined in OPM's guidelines, the burden to overcome in Bain's substantial evidence must be more than just the same amount of evidence. It must be significantly more in order to refute or show that her evidence was not substantial. It would take me a moment to find that citation. No, I get it. But that's not the standard we're applying. We're applying a standard of whether the board's factual findings against your client are supported by substantial evidence. Is the board's factual finding that she did not present substantial evidence? Was that the board's factual finding? No, it was not, Your Honor. The board's finding was that the evidence had been refuted or overcome by the speculation of the administrative law judge that, based on the fact that she could live on her own and participated in her divorce, that she could ignore the neurologist's expert opinion, that it would not be surprising that she would misunderstand the instructions she had received six years earlier. Is that your interpretation of what the judge did below? Because I didn't see in the opinion where she said it was okay for her to ignore any evidence. She had the evidence in front of her, but she did ignore it. Moreover, the ALJ's speculation that Brittany could live on her own is contradicted by the Social Security determination that she is entitled to Social Security disability benefits. Because under the Social Security's blue book, which contains the criteria for determining disability for multiple sclerosis, living on your own is perfectly consistent with disability for multiple sclerosis. The question is, what happens when the symptoms flare up because of stress or fatigue? In Brittany Bain's case, her neurologist said that she has the highly inflammatory disease, and because of her condition, she advised that Brittany be in an environment that was more supportive than the current environment she was in. But he didn't make a finding, a diagnosis, as of the particular time, 2012, which was when her duty arose. She made her diagnosis with respect to 2014, which was when OPM caught up with Brittany Bain, Your Honor. It would not be surprising that she made mistakes and failed to file before OPM caught up with her in 2014. That was, I believe, the intent of what she was saying. But the blue book determination that Social Security used to determine that Brittany Bain was disabled under Social Security criteria can be referred to by this court because the fact that Brittany qualified for Social Security disability is what prompted the overpayment in the first place. And I'll save the rest of my time for rebuttal. We will do that. Ms. Rose, good morning. Thank you, Your Honors. May it please the Court. The Board's decision should be affirmed because the Board's findings against Ms. Bain are supported by substantial evidence. I'd like first to address Judge Stoll's question regarding whether or not the administrative judge found that there was substantial evidence. The administrative judge found, and this is at Supplemental Appendix, page 6, that Ms. Bain did not meet her burden of showing substantial evidence that she was entitled to a waiver, and that was on both elements, the without fault element and a waiver would be against equity and good conscience. What Petitioner is arguing here is that OPM failed to refute substantial evidence. But again, the Board found that substantial evidence was not met in the first instance. And as the Court noted, the standard here is whether or not the administrative judge's decision is supported by substantial evidence. The Board properly considered the record as a whole presented by Ms. Bain and found that there was not substantial evidence on either element. While we are sympathetic to Ms. Bain's medical condition and acknowledge that... I understand we're under a substantial evidence review and we may not be able to do anything, but this seems incredibly stingy of OPM and unfair. I mean, this woman has a debilitating condition. She may have known at one time that she should have not kept this money. She said that, honestly. But it was three years later, her disease had progressed. She was undergoing what, by all accounts, is a stressful divorce. I mean, that seems to be a perfectly logical explanation for why she didn't recall that she had to not keep this money. I mean, I don't understand why OPM, in good conscience, didn't waive this. I think what Your Honor has comments go to, and we agree that this is a sympathetic petitioner, but all of that goes to whether or not she was without fault in causing the overpayment. But that's, of course, only factor one. The second factor is, would recovery be against equity and good conscience? Here, Ms. Bain is relying on the detrimental reliance factor. She's saying that she used the overpayment to negotiate terms in her divorce differently than she would have done had she not received the overpayment. But that's not supported by the record, including the contemporaneous divorce records that Ms. Bain submitted. Her specific argument is that had she known that she had received an overpayment, she would have accepted her husband's offer to assume liability for the couple's joint credit card debt of about $18,000, and in return she would have taken over the mortgage of the home. However, at the time, in 2013, in her own declaration to the Washington State Court, she stated that she rejected this offer because the mortgage was currently about $230,000, whereas the property was only assessed at $144,000. So she was rejecting it because she believed that the mortgage was about $86,000 more than the assessed value. In addition, petitioner characterizes Ms. Bain as assuming the entire liability for the $18,000 credit card debt, and that is not quite correct because while she was the one making the payments, her ex-husband was ordered to make payments of $250 a month for 54 months in order to cover his half of that joint credit card liability. So here Ms. Bain was able to use the OPM overpayment funds to pay off more quickly than she otherwise would have been able to, a debt with a 9.9% annual interest rate. And while she is obligated to return those funds that she was not entitled to by statute to OPM, she's able to do so with a 0% interest rate. If the Court has no further questions. Thank you, Your Honors. Thank you, Ms. Rose. Mr. Brady has some rebuttal time if he needs it. Thank you, Your Honor. Your Honor, this case is very much like Catherine King v. OPM at 730 F. 3rd, 1342. In that case, this Court reversed its termination of the board regarding an overpayment because a waiver of recovery because the board failed to credit substantial evidence demonstrating that in accordance with the appropriate regulations that the recipient detrimentally relied on the overpayment. The same problem that the Court faced in King is with the Court here in this case. It is that OPM has failed to credit the substantial evidence that Brittany provided that she is not at fault with the waiver. There's no question that the expert opinion of the neurologist, that it is not surprising that she would not have remembered those overpayment instructions. Particularly under the circumstances of this case where she applied for Social Security Supplemental Income, which would not have affected her OPM benefits. She fully disclosed to Social Security that she was receiving her federal employee disability benefits in her Social Security application. When the lump sum was awarded, rather than Social Security notifying OPM, they gave the lump sum to Brittany and it was years later before they conducted one of their periodic checks that they referred to in that letter of 2005 to come up with overpayments, that they finally discovered the overpayment in this instance. For over two years, a woman with a disabling condition of her brain deteriorating from within, the government gave her $25,654 and left it in her hands. And it was only later, years later, that OPM caught up. It is against equity and good conscience in this case for the United States government not to use presently available technology to detect those overpayments and to conduct the periodic checks more quickly so that circumstances like this do not occur. But fundamentally, your honor, Brittany Bain provided substantial evidence in the form of her neurologist's opinion. And like King versus OPM, this court should reverse the board's decision because the board failed to credit that substantial evidence and it replaced it with what the ALJ thought was a rational basis for denying a waiver of the overpayment that equity and good conscience demands be given. Thank you, Mr. Brady. We're sympathetic to the situation of your client and will consider the appeal fully. Thank you very much. Case is taken under submission.